UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY SCHULZ,

      Plaintiff,                             Case No. 11-10962
                                                   Honorable Victoria A. Roberts

v.

DAVID GENDREGSKE, et al.

      Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION**

    Plaintiff's complaint arises from events that occurred on March 12, 2009 and May 4, 2009.  Pending before the Court is Defendants' motion for summary judgment (Doc. #40).  The motion is fully briefed and ready for decision.

    Defendants' motion for summary judgment is **GRANTED IN PART**.  By stipulation the parties agree to dismiss Counts Four, Five, Nine, Ten, Eleven, Twelve, Thirteen, and Seventeen.  The Court **GRANTS** summary judgment on Plaintiff's § 1983 claims: Count One, illegal search; Count Two, unlawful seizure of horses; and Count Six, malicious prosecution.

    The Court also **GRANTS** summary judgment on Plaintiff's state law claims: Count Fourteen, tortious interference of business expectancy; and Count Fifteen, common law conversion.  Plaintiff fails to address these counts in her brief; therefore,

1

she waives them.

The Court **DENIES** summary judgment on these § 1983 claims: Count Three, seizure of dogs; Count Seven, unlawful arrest; Count Eight, procedural due process; and Count Eighteen, request for exemplary damages.

Finally, the Court **DENIES** summary judgment on Count Sixteen, state law claim of statutory conversion.

## II.  BACKGROUND

Plaintiff filed this 42 U.S.C. § 1983 ("§ 1983") and state law tort action against Animal Control Director, David Gendregske ("Gendregske"), Animal Control Officer, Brian McDowell ("McDowell"), Dr. Jan H. Pol, DVM (incorrectly identified in the caption as "Jack" Pol) ("Dr. Pol"), and Clare County, based on events that began around March 12, 2009 and May 4, 2009.  The claim against Dr. Pol was voluntarily dismissed.  The remaining claims are against Gendregske, McDowell and Clare County (collectively "Defendants").

On March 12, 2009, Gendregske and McDowell  searched a residence located at 1905 Coolidge Road in Clare County (the "Residence").  Plaintiff housed breeding dogs and horses there which Gendregske and McDowell seized.

Barry Laubscher ("Laubscher") lived at the Residence and was caretaker for the animals.  Plaintiff paid the rent at the Residence and provided food for the animals.  Plaintiff kept the dogs and horses at the Residence because the result of prior litigation was that she was ordered to remove all but three dogs from her property.

Before the search, Clare County Animal Control received two complaints that the

2

horses at the Residence were very thin.  On March 6, 2009, Gail Sprague made one complaint.  On March 11, 2009, Clare County received an anonymous, similar complaint.  At deposition, Laubscher testified that he was the anonymous caller.

At approximately 11:00 a.m., on the morning of March 12, 2009, Gendregske and McDowell went to the Residence to conduct a health check on the horses and investigate the complaints.  The officers say as they pulled in the driveway they saw several horses in very small pens and noticed that bark had been eaten off of pine trees.  As they got closer, they could see ribs, hips and missing hair on some horses.  They say that some of the horses were not so bad.  They took photos.

Gendregske and McDowell questioned Laubscher.  Gendregske and McDowell knew Laubscher because he made prior complaints about the living condition of the horses (late winter of 2008 and early 2009).  In a police report Gendregske and McDowell say Laubscher told them that the horses were Plaintiff's property, he knew the horses were unhealthy, and he told Plaintiff several times that the horses were unhealthy.  McDowell says Laubscher informed him that there was one bale of hay, but more hay was being delivered later that day.  Laubscher also stated that Plaintiff bought hay for the horses.

After leaving the Residence, McDowell prepared an affidavit for a search warrant and submitted it to the magistrate.

About 3:30 p.m., the magistrate issued a warrant authorizing a search of the Residence and seizure of any animals.  Around 4:00 p.m., the Residence was searched and a total of nine horses and twenty-three dogs were seized.  The dogs were taken to

3

the Animal Control Shelter; the horses were housed at different locations.  The animals were put up for adoption without notice to Plaintiff.

When conducting the search, Gendregske and McDowell  say they noticed one of the horses had a bleeding leg injury and was in need of medical attention.  They say that the water for the horses was frozen. They also say that they saw very little fecal material.

Gendregske and McDowell say the living condition for the dogs was not ideal because they lived in small cages stored in an uninsulated metal shed; but, the dogs exhibited no signs of neglect.

McDowell submitted a warrant request against Plaintiff.  On March 23, 2009, Plaintiff was charged with a violation of MCL 750.50(4)(c), abandoning/cruelty to four to ten animals.  Plaintiff was arrested and her preliminary examination was scheduled for May 22, 2009.  At the preliminary examination, Ms. Sprague, McDowell, Gendregske and Dr. Pol testified.

The court did not make any finding with respect to the dogs.  The judge said, "There was no testimony with regards to the Labrador retrievers; that there was any reason to believe that there was inadequate care for the dogs, so the Court's [sic] not going to make any finding."

The court did find there was probable cause to charge Plaintiff with respect to some of the horses.  It said based on Dr. Pol's testimony, there was probable cause to believe the crime of abandoning or cruelty to four to ten animals had been committed.

The court also found that there was probable cause to believe that Plaintiff

4

2:11-cv-10962-VAR-RSW   Doc # 47   Filed 01/10/13   Pg 5 of 18   Pg ID 621

resided at the Residence or that she exercised control over the animals. The court scheduled Plaintiff's arraignment for June 1, 2009. On November 13, 2009, the charge was voluntarily dismissed without prejudice. The reason given: further investigation was necessary before proceeding with prosecution.

On April 13, 2009 -- after the seizure but before the preliminary examination -- Plaintiff was sentenced to three counts of animals running at large. This was a charge wholly unrelated to the events of March 12, 2009. As a condition of her probation she was ordered "not to have any animals own or possess [sic], or live on premises where animals are kept while on probation."

On May 4, 2009 -- the second pivotal date in Plaintiff's complaint -- Ms. Buckingham complained to Animal Control that two golden retrievers were loose. Gendregske and McDowell concluded that the dogs came from the Residence.

The officers went to the Residence and no one answered; but, they could hear puppies whining inside.   The next day, Gendregske and McDowell went to the Residence and questioned Laubscher about the dogs and puppies. Laubscher told Defendants he received a puppy from Plaintiff. He says he told Gendregske and McDowell this information because Gendregske coerced him.

Based on this information, Gendregske contacted Plaintiff's probation officer to tell the probation officer that he had information that Plaintiff was in control of an animal. Plaintiff's probation officer scheduled a probation violation hearing.

At the violation hearing, on June 29, 2009, Plaintiff testified that she has not owned, possessed, or been in control of an animal since April 13, 2009, as ordered.

Laubscher testified that he lied to Gendregske and McDowell when he said Plaintiff gave him a puppy on May 4, 2009.  The judge found that there was not enough evidence to violate Plaintiff.

## III.   STANDARD OF REVIEW

The Court will grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-57 (1986).  On a motion for summary judgment, the facts must be viewed in the light most favorable to the non-moving party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

A fact is material for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984).

## IV.   ANALYSIS

All of Plaintiff's federal claims are based on § 1983.  § 1983 allows a plaintiff to recover damages for violations of her constitutional rights by individuals or municipalities acting under color of law.  In order to recover under § 1983, Plaintiff must show: (1) Defendants violated her constitutional rights and (2) that the right was clearly established at the time of the violation.  *Id.* at 975.  "A right is clearly established if the contours of the right are sufficiently clear that a reasonable official would understand that what he is doing violates that right."  *Morrison v. Bd. of Trs. Of Green Twp.*, 583

F.3d 394, 400 (6th Cir. 2009).

**PLAINTIFF'S MONELL CLAIMS AGAINST CLARE COUNTY COUNT EIGHT: PROCEDURAL DUE PROCESS AND COUNT EIGHTEEN: EXEMPLARY DAMAGES**

Plaintiff says the unconstitutional policies or practices of Clare County led to several constitutional deprivations.  While a County may be held liable for constitutional violations, Plaintiff identified no policy or practice by the County. Accordingly, all claims against Clare County are dismissed.  *See Monell v. Dept. Of Social Services,* 436 U.S. 658 (1978).

**PLAINTIFF'S CLAIMS AGAINST INDIVIDUAL DEFENDANTS GENDREGSKE AND MCDOWELL**

As their major defense, Gendregske and McDowell assert qualified immunity. Under the doctrine of qualified immunity, "[g]overnment officials, including police officers, are immune from civil liability unless, in the course of performing their discretionary functions, they violate the plaintiff's clearly established constitutional rights." *Jones v. Byrnes*, 585 F.3d 971, 974 (6th Cir. 2009).

If questions of fact exist which affect qualified immunity, such questions must be settled before a court can rule as a matter of law on the issue of qualified immunity. *See Poe v. Haydon*, 853 F.2d 418, 426 (6th Cir. 1988).

After stipulation and waiver, the remaining claims against Gendregske and McDowell are Counts: One, Two, Three, Six, Seven, Eight, Sixteen and Eighteen.

**REMAINING §1983 CLAIMS ARISING OUT OF THE MARCH 12, 2009, SEARCH**

**1.  Count One: Illegal Search (Gendregske and McDowell)**

Plaintiff says that Gendregske and McDowell violated her constitutional rights

7

when they conducted the search of the Residence.  Gendregske and McDowell say

Plaintiff does not have standing to challenge the search because she did not live there.

Plaintiff testified that she never lived there or visited the Residence for more than a few

hours.

Gendregske and McDowell are correct, Plaintiff does not have standing. *See*

*United States v. Talley*, 275 F.3d 560 (6th Cir. 2001).

Count One is dismissed.

**2.  Count Two: Illegal Seizure of Horses (Gendregske and McDowell)**

Gendregske and McDowell say they seized the horses on a warrant and thus,

are not liable because they relied upon a judicial determination of probable cause.

Plaintiff says the warrant was issued because of McDowell's affidavit.  She says

Gendregske and McDowell provided false information and omitted material information

when obtaining the warrant and cannot rely on a judicial determination of probable

cause.

Police officers are entitled to rely on a judicially secured warrant -- and have the

benefit of immunity from a § 1983 action for an illegal seizure, *Malley v. Briggs*, 475

U.S. 335, (1986), -- unless that officer knowingly makes false statements and omissions

such that but for these falsities the warrant would not have issued.  *Yancey v. Carroll*

*County*, 876 F.2d 1238 (6th Cir. 1989).

To overcome Defendants' assertion of qualified immunity, Plaintiff must establish

"(1) a substantial showing that the Defendant stated a deliberate falsehood or showed a

reckless disregard for the truth and (2) that the allegedly false or omitted information

8

was material to the finding of probable cause." *Id.* see also *Wilson v. Russo*, 212 F.3d 781, 786 (3rd Cir. 2000).

Plaintiff says Gendregske and McDowell misstated that: (1) there was no food or water available for any of the animals on the property, (2) he had extensive training in all aspects of animal control, and (3) one horse was in the worse condition a horse can be in. She says they omitted that Laubscher informed Gendregske and McDowell that hay was arriving that day for the horses.

Plaintiff has not met her burden. Gendregske's and McDowell's statements are not false. While being deposed, Laubscher testified that he told Gendregske and McDowell there was only one bale of hay remaining and that the horses' water was frozen. Gendregske and McDowell observed the horses and they were thin. Laubscher's and Ms. Sprague's complaint to Animal Control substantiate this. Furthermore, there is no showing that these statements were material. The affidavit also includes additional information from which the magistrate could find probable cause. It says that Gendregske and McDowell were investigating an animal cruelty complaint and that one horse's ribs and hips were showing.

Count Two is dismissed.

### 3. Count Three: Illegal Seizure of Dogs (Gendregske and McDowell)

Plaintiff says Gendregske and McDowell seized her dogs without probable cause. She reincorporates the arguments made regarding the horses. She adds that there was no probable cause to: (1) support a warrant for the seizure of the dogs or (2) believe the dogs were neglected. Plaintiff says the plain language of the statute only

9

authorizes seizures if the animals are neglected.

As an initial matter, Gendregske and McDowell say Plaintiff does not have standing to challenge the seizure of the dogs because she did not own the dogs. Gendregske and McDowell say Plaintiff's testimony at her probation violation hearing on June 29, 2009, that she has not owned or possessed an animal since April 13, 2009, establishes that she does not have an ownership interest in the dogs. Gendregske's and McDowell's argument is misplaced; the seizure occurred on March 12, 2009. Plaintiff could have owned the dogs on the date of the seizure; this would give her standing.

Gendregske and McDowell say Laubscher owned the dogs on March 12, 2009. They submitted a trial transcript in 2009 where Laubscher says that Plaintiff gave him twenty-four dogs for payment. They say Laubscher's prior inconsistent testimony establishes his ownership.

This is a fact issue in dispute. Plaintiff and Laubscher agree that Plaintiff transferred ownership of twenty-four dogs to Laubscher as payment for past wages. They say the agreement was that Laubscher would receive the proceeds from the sale of the dogs which he owned. They also say that some of the dogs seized were Plaintiff's and some were Laubscher's.

Plaintiff says at minimum, ten dogs were hers. Plaintiff attached a list of the names of the dogs to her complaint. At deposition, when asked which dogs were his, Laubscher said nineteen of the twenty-three. Gendregske and McDowell say Laubscher is not credible and his prior inconsistent statement establishes that the dogs

10

seized were Laubscher's. This, too, is a factual issued that must be decided by a jury.

With respect to the seizure, Gendregske and McDowell do not allege that the warrant supported the seizure. Rather, they say the seizure of the dogs was based upon statute. With only passing reference in their brief, these Defendants say when faced with the conditions of the horses and the language of MCL 750.53, a reasonable officer would have found it necessary to seize all animals.

MCL 750.53 provides:

> **Arrest of persons and seizure of animals**--Persons found violating any of the provisions of the preceding sections of this chapter may be arrested and held without warrant, in like manner as in the case of persons found breaking the peace, and it shall be the duty of the person making the arrest to seize all animals and fowls found in the keeping or custody of the person arrested, and which are then being used, or held for use in violation of any of the provisions of the preceding sections of this chapter, and the person making such seizure shall cause such animals or fowls to be at once delivered to a poundmaster of the city . . . .

Plaintiff says that the statute can be interpreted to only allow for seizure of the dogs in connection with a lawful arrest. She says there was no arrest and no probable cause to seize the dogs.

Plaintiff is correct. The statute allows for seizure of animals "found in the keeping or custody of the person arrested." If the jury finds facts which establish that Plaintiff has standing to challenge the seizure, Gendregske and McDowell are not entitled to qualified immunity.

### 4. Count Six: Malicious Prosecution (McDowell)

Plaintiff says McDowell lacked probable cause to initiate criminal proceedings

11

against her and the proceedings ended in her favor.

To prevail on this claim, a plaintiff must demonstrate that (1) the defendant participated in the decision to prosecute the plaintiff, (2) probable cause did not support the institution of legal process, (3) the plaintiff suffered a Fourth Amendment deprivation of liberty in addition to the initial seizure as a result of the institution of proceedings, and (4) the legal proceedings resulted in the plaintiff's favor. *Sykes v. Anderson*, 625 F.3d 294, 308-09 (6th Cir. 2010).  "[A] plaintiff must show, at a minimum, that there was no probable cause to justify [his] arrest and prosecution."  *Barnes v. Wright*, 449 F.3d 709, 716 (6th Cir. 2006)(citations omitted); see also *Sykes*, 625 F.3d at 310-11 (same).


Plaintiff's claim for malicious prosecution fails because the charge of abandoning/cruelty to four to ten animals was voluntarily dismissed.  *Cheolas v. City of Harper Woods*, 2012 U.S. App. LEXIS 802, 2012 WL 89173 (6th Cir. Jan. 10, 2012) (finding no viable claim for malicious prosecution because the charges were voluntarily dismissed).

Furthermore, this claim must be dismissed because there was a judicial determination of probable cause to prosecute Plaintiff. To the extent Plaintiff argues McDowell cannot rely on judicial probable cause, she is wrong. When rendering its decision, the trial court clarified that Dr. Pol's testimony was material to the finding of probable cause, not McDowell's.  There was no constitutional violation.

### 5.  Count Eight: Procedural Due Process (Gendregske)

Plaintiff's horses were seized under MCL 750.50(3) and the dogs were seized

12

under MCL 750.53.  MCL 750.53 authorizes seizures in connection with an arrest and says that the person making such seizure:

> shall cause such animals or fowls to be at once delivered to a poundmaster of the city, village or township in which the same may be, and it shall be the duty of such poundmaster to receive such animals or fowls, and to hold the same and proceed in regard to them in all respects as provided by law in other cases of animals impounded . . . .

MCL 750.50(3) sets forth a forfeiture procedure for seized animals.  MCL 750.50(3) (requires a forfeiture filing, a hearing within 14 days of such filing before a judge, and the petitioner must establish by the preponderance of the evidence that a violation under 750.50(b) has occurred).

Gendregske does not dispute that he did not follow this procedure, but he says he was not required to because he received information that on April 13, 2009, Plaintiff was sentenced to probation on the charge of animals running at large; as a requirement of probation, she agreed not to own or possess any animals.  He says this probation agreement destroyed Plaintiff's ownership in the animals and gave him the authority to place Plaintiff's animals up for adoption.

Plaintiff says Gendregske could not forfeit her animals without notice and an opportunity to be heard, as dictated by the Fourteenth Amendment.

This Court agrees with Plaintiff.  "In order to establish a procedural due process claim, a plaintiff must show that (1) he had a life, liberty, or property interest protected by the Due Process Clause; (2) he was deprived of this protected interest; and (3) the state did not afford him adequate procedural rights prior to depriving him of the property interest." *Waeschle v. Dragovic,* 576 F.3d 539, 544 (6th Cir. 2009) (internal quotation

13

marks omitted).

The civil forfeiture procedure must be followed.  *See In re 53 HORSES*, 2006

Mich. App. LEXIS 3251 (Mich. Ct. App. Oct. 31, 2006)(noting that under MCL 750.50(3)

a forfeiture action must be filed if forfeiture is sought).  Gendregske failed to do so.

Summary judgment on Count Eight is denied.

**REMAINING §1983 CLAIM ARISING OUT OF THE MAY 4, 2009 ARREST**

**1.  Count Seven: False Arrest (Gendregske)**

Plaintiff says Gendregske called her probation officer and knowingly provided the

probation officer with false information which resulted in her arrest.  She says

Gendregske coerced Laubscher into saying and testifying that she was in possession of

a puppy in order to get her arrested.

Gendregske says he is not liable because he did not make the arrest.  He also

says that his statement to her probation officer was not false.  He says Laubscher told

him Plaintiff delivered a puppy to him on May 5, 2009.  He says there was probable

cause to arrest Plaintiff for violation of probation.

Normally, an officer may rely on a warrant when making an arrest, unless the

officer provided false information to secure the warrant, such that the warrant would not

have been issued without the false information. *Yancey v. Carroll County*, 876 F.2d at

1243.

This is an issue of fact that must be submitted to the jury.  Laubscher implies that

Gendregske physically coerced him into saying that Plaintiff possessed the puppy.  He

says he felt physically threatened and he thought the threat would subside if he told

14

Gendregske that Plaintiff possessed a puppy.  He also says that Gendregske promised him he would not go to jail if he testified against Plaintiff.

Gendregske says that Laubscher is not being truthful.  He says that after informing him that Plaintiff possessed a puppy, Laubscher wrote Plaintiff a letter apologizing for telling on her.  Gendregske says this letter establishes that Laubscher was truthful when Gendregske questioned him.

The Court cannot make credibility determinations.  If a jury decides that Gendregske coerced Laubscher into saying that Plaintiff possessed a puppy and then contacted her probation officer, Gendregske is not entitled to qualified immunity.  If a jury decides that Gendregske did not coerce Laubscher's statement that Plaintiff possessed a puppy, Plaintiff cannot recover on this claim.  Summary judgment is denied.

## COUNT EIGHTEEN: EXEMPLARY DAMAGES ARISING OUT OF ALL §1983 CLAIMS (GENDREGSKE AND MCDOWELL)

Plaintiff requests exemplary fees with respect to her federal claims.  She says Gendregske and McDowell acted with malice and ill will when seizing her animals and facilitating her arrest.  Exemplary damages are the same as punitive damages.

In §1983 cases, punitive damages are permitted "when a defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983).

Plaintiff may be entitled to punitive damages on her false arrest claim.  If a jury finds that Gendregske coerced Laubscher into saying that Plaintiff possessed a puppy

15

for the purpose of prosecuting her, punitive damages can be awarded on count seven, false arrest.

With respect to all other claims, there has been no showing which entitles Plaintiff to punitive damages.

Summary judgment is granted with respect to Plaintiff's request for exemplary damages on all but her false arrest claim (count seven).

**STATE LAW CLAIM**

**Count Sixteen: State Statutory Law Conversion (Gendregske and McDowell)**

"Conversion is any distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein." *Thoma v. Tracy Motor Sales, Inc.,* 360 Mich. 434, 438 (Mich. 1960)(quoting *Nelson & Witt v. Texas Co.,* 256 Mich 65, 70)).

The Court has already found that if Plaintiff has standing to challenge the seizure of the dogs, Gendregske and McDowell did not have the proper authority to seize them. Furthermore, the Court held that Gendregske did not follow the statutory procedure when dispensing of Plaintiff's ownership rights in her animals.  Summary judgment cannot be granted on this claim.

<u>**CONCLUSION**</u>

The Court dismisses:

All claims against Clare County and these claims against the Individual Defendants:

1.      Count One: Unlawful Search;

16

2.      Count Two: Unlawful Seizure of Horses;

3.      Count Four: Due Process (stipulation);

4.      Count Five: Due Process (stipulation);

5.      Count Six: Malicious Prosecution;

6.      Count Nine: Due Process (stipulation);

7.      Count Ten: Failure to Train (stipulation);

8.      Count Eleven: Gross Negligence (stipulation);

9.      Count Twelve: Malicious Prosecution (stipulation);

10.     Count Thirteen: Intentional Infliction of Emotional Distress
        (stipulation);

11.     Count Fourteen: Tortious Interference of Business Expectancy
        (waiver);

12.     Count Fifteen: Common Law Conversion (waiver); and

13.     Count Seventeen: Professional Malpractice (stipulation).

Trial will proceed on:

1.      Count Three: Seizure of dogs (Gendregske and McDowell);

2.      Count Seven: False Arrest (Gendregske);

3.      Count Eight : Procedural Due Process (Gendregske);

4.      Count Sixteen: Conversion (Gendregske and McDowell); and

5.      Count Eighteen: Exemplary Damages (Gendregske)(with respect to
        Count Seven only).

Qualified immunity cannot be decided at this time with respect to the seizure of

17

the dogs since Plaintiff's standing is a question of fact.  Qualified immunity cannot be decided on Plaintiff's false arrest claim since whether Laubscher's statement was coerced is an issue of fact.  Gendregske is not entitled to qualified immunity on Plaintiff's due process claim.  Gendregske and McDowell are not entitled to qualified immunity on Plaintiff's state law conversion claim.  Plaintiff may be entitled to punitive damages with respect to her false arrest claim.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  January 10, 2013

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 10, 2013.

S/Linda Vertriest
Deputy Clerk

18